UNITED  STATES  DISTRICT  COURT          SOUTHERN  DISTRICT OF  TEXAS

| | | |
|---|---|---|
| TES Properties LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action 07-2519 |
| | § | |
| Ticor Title Insurance Company, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.      *Introduction.*

A holder of defective title chose counsel, mediated the dispute, and wrote to the title insurer for reimbursement of fees.  The insurer would avoid liability through this late notice and a release.

2.      *Background.*

A title insurance policy covered the mortgagee's interest in land.  The policy required Ticor to defend the priority of TES's insured lien.  The policy says TES must notify Ticor promptly in writing of litigation.  If it is not notified, then Ticor's liability to TES is reduced to the extent that Ticor is harmed by the missing notice.  Ticor contracted for the right to select counsel, and not to pay the fees of other counsel.

Bank loans on the property were in default.  The banks and TES tried to foreclose on the property.  Both banks sued TES over their competing liens on the property; an involuntary bankruptcy was started.  In contravention of the policy, TES supplied counsel without notifying Ticor of the suits.  Title insurers provided counsel for one of the banks.

A settlement was mediated; TES released its priority liens for cash.  The settlement released the bank's title insurers and their affiliates from claims arising from facts asserted in the banks' suit or related to the TES lien, including claims for costs and attorney's fees.  Ticor is an affiliate of the bank's title insurers.

About a month after it signed the release, TES sent its first demand for reimbursement of the attorney's fees from the mediation. This was also the first written notice to Ticor of the litigation and of a claim under the policy.

3.      *Notice.*

TES says that Ticor must reimburse costs because Ticor had constructive notice of the suit before the written notice was sent. At law, "constructive" means "pretended." Even constructive notice cannot help TES because the policy required written notice. If written notice is required by a policy, no other notice is sufficient. Notice of the suits against Ticor's affiliates do not operate as effective notice of TES's claim. *McCullough v. Fidelity & Deposit Co.,* 2 F.3d 110, 113 (5th Cir. 1993).

4.      *Prejudice.*

TES says that Ticor was not prejudiced by late notice. Texas law for other types of insurance require that prejudice must always be shown. *PAJ, Inc. v. Hanover Ins. Co.,* 243 S.W.3d 630, 636-37 (Tex. 2008). Title insurance is different; its context is distinct from casualty coverage, and in Texas, title insurers are not liable for pre-notice costs. *Houston Title Guaranty Co. v. Fontenot,* 339 S.W.2d 347, 353 (Tex. Civ. App.—Houston 1960)(writ ref'd n.r.e.). Ticor waived this advantage by including its own requirement of prejudice in its policy.

5.      *Release.*

TES says the release it signed is not effective as to Ticor. In Texas, a party is released by a release of a its affiliates. *Frazer v. Texas Farm Bureau Mut. Ins. Co.,* 4 S.W.3d 819, 824 (Tex. App.—Houston [1 Dist.] 1999). The release was drafted during the mediation for which fees are being sought; thus Ticor is released from liability. *Keck, Mahin & Cate v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 20 S.W.3d 692, 698 (Tex. 2000); *Vela v. Pennzoil Producing Co.,* 723 S.W.2d 199, 204 (Tex.App.—San Antonio 1986)(writ ref'd n.r.e.).

6.     *Conclusion.*

Late notice was not prejudicial as a matter of law, but TES released Ticor from liability; these will not be reimbursed.  TES Properties LLC takes nothing from Ticor Title Insurance Company.

Signed on April 11, 2008, at Houston, Texas.

Lynn N. Hughes
United States District Judge